**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JESSIE HILL,                                                                                                                         PLAINTIFF
ADC #104136

v.                                                   5:14CV00202-JLH-JTK

RAY HOBBS, et al.                                                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Jessie Hill is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging excessive force, failure to protect, and an invalid disciplinary conviction, in violation of his constitutional rights. He asks for monetary and injunctive relief from Defendants.

Pending before the Court are the Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 126-128), to which Plaintiff responded (Doc. No. 138).

## II. Amended Complaint

On October 24, 2013, Defendants Hayes, Lawrence, Cockrell, Jackson, Griffith, and Holmes, conducted a search of Plaintiff's barracks. (Doc. No. 8, p. 9) Prior searching Plaintiff's cell, Plaintiff showed Defendants Holmes and Giles a box in which he kept a live snake, cricket, grasshopper and water bowl. (Id., p. 11) Plaintiff then went to the shower for a strip search, and when he returned, he told Defendant Cockrell that the box with the snake belonged to him. (Id.) When Plaintiff tried to retrieve the box from Cockrell, Cockrell asked him why he was keeping it, and Plaintiff replied

that he was going to set the snake free during his weekly yard call the next day. (Id.) Cockrell told Plaintiff he was going to take a photograph of the snake and box, set the snake free, and charge Plaintiff with a disciplinary violation. (Id.)  Plaintiff questioned Cockrell about what rule he violated, insisting that possession of the snake did not violate any rules. (Id., p. 12)

Cockrell became angry when Plaintiff continued to disagree with him. (Id., p. 12) Defendant Griffith then grabbed Plaintiff's right arm and Cockrell gripped Plaintiff's left elbow. (Id., p. 13)  During this encounter, Griffith pushed Plaintiff's right shoulder forward and Cockrell gripped his left shoulder at the rotator cup using a pressure point which caused Plaintiff pain. (Id.) The two officers pushed Plaintiff toward a wall and then other officers wrapped their legs around Plaintiff's legs. (Id., pp. 14-15) Eventually the officers took Plaintiff to the ground, face forward, during which time Plaintiff was struck in the right temple by one of the Defendants. (Id., p. 15) Plaintiff did not struggle as the officers placed him on the floor and then applied restraints. (Id., pp. 15-16)  One of the officers crossed Plaintiff's feet at the ankles, folded them back onto Plaintiff's lower body, and stated, "he's not resisting." (Id., p. 16)

Plaintiff then sat up and told Defendants that they had an impending court date. (Id.)  He was taken to the infirmary and escorted to a disciplinary court review cell. (Id., p. 17)  When Cockrell and Griffith came to his cell to photograph his injuries, Cockrell asked Plaintiff not to file a grievance about the incident. (Id.)  The next day, Griffith told Plaintiff he told his wife that he over-reacted during the incident and misinterpreted Plaintiff's actions. (Id.)  Plaintiff wrote a letter to Defendant Williams on October 28, 2013, complaining about the officers' abuse, and stating that the security footage would identify the officer who stated that Plaintiff did not resist. (Id.)  On October 31, 2013, Defendant Waddle refused to allow Plaintiff to present evidence of statements made by Defendant Giles and video footage of the incident. (Id.)

Defendant Naylor failed in his responsibility to train Defendant Waddle, who found Plaintiff guilty of the disciplinary violations. (Id., p. 19) Defendants Straughn, Naylor, and Hobbs, who denied Plaintiff's appeals, failed to adequately investigate the incident. (Id., pp. 19-20) Plaintiff claims Defendants Griffith and Cockrell used unreasonable and excessive force against him, in violation of his Eighth Amendment rights. (Id., p. 20)  He claims Defendants Lawrence, Giles, Holmes, and Hayes, failed to protect him in violation of his Eighth Amendment rights, and Defendants Williams, Straughn, Outlaw, Naylor, Evans, Hobbs, and Waddle violated his Eighth and Fourteenth Amendment rights.  Finally, he claims Cockrell violated his First Amendment rights by attempting to intimidate and influence him not to file a grievance or lawsuit against him.

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

  **A.**  **Exhaustion**

  Initially, Defendants state that Plaintiff failed to exhaust his administrative remedies as to all but Defendant Cockrell, as required by the Prison Litigation Reform Act (PLRA) and the ADC grievance procedure, Administrative Directive (AD) 12-16 (Doc. No. 126-2).  According to Terri Grigsby Brown, an ADC inmate grievance specialist, the grievance procedure requires inmates to specifically name each individual involved and fully exhaust the grievance through an appeal to the ADC Deputy/Assistant Director.  (Doc. No. 126-1)   Brown states that a review of Plaintiff's grievance appeal files showed that Plaintiff filed and attempted to exhaust three grievances related to his claims of excessive force, failure to protect, and unlawful disciplinary. (Id.) However, none of those grievances named Giles, Hayes, Holmes, Lawrence, Outlaw, Straughn, Waddle, Williams, or Evans. (Id.) In grievance MX 13-2270, Plaintiff properly exhausted his excessive force claim against Defendant Cockrell (Doc. No. 126-3).  In grievance MX 14-597, he complained that Naylor and Hobbs failed to properly investigate and supervise Defendants Waddle, Straughn, and Outlaw, and this grievance was rejected because Plaintiff was grieving a disciplinary matter. (Doc. No. 126-4).  And in grievance MX 13-2277, Plaintiff talked about a statement Griffith made to him that he may have misinterpreted Plaintiff's actions and overreacted on October 24, 2013. (Doc. No. 126-5) Plaintiff complained in the grievance that this conversation was not included in his disciplinary hearing, and the grievance was denied.  (Id.)  Based on these grievances, Defendants state that Plaintiff did not properly exhaust his failure to protect claims against them.

  In response, Plaintiff states he identified all Defendants in the following grievances: MX 13-2277, MX 13-2619, MX 14-597, MX 14-2083, MX 14-2288, MX 13-2278, MX 13-2505, MX 13-2584, and MX 14-525.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In Burns v. Eaton, the Eighth Circuit held that an exhausted grievance which named one officer involved in a pepper spray incident did not cover the plaintiff's allegations against a second officer named in his complaint, when the grievance did not name the second officer and did not

6

include a description of his allegedly-unlawful actions. The Court stated, "this was not a case where 'prison officials decline[d] to enforce their own procedural requirements and opt[ed] to consider otherwise-defaulted claims on the merits.'" 752 F.2d 1136, 1141 (quoting Reed-Bey v. Pramstaller, 603 F.3d 322, 325 (6th Cir. 2010)).

### 1.     Grievances at issue

\* MX 14-597 - Plaintiff complained Naylor and Hobbs failed to adequately supervise Straughn and Outlaw, with respect to their involvement with several disciplinary charges filed against Plaintiff, one of which concerned the October 24, 2013 incident. (Doc. No. 126-4) This grievance was rejected as involving a disciplinary matter. (Id.)

\* MX 13-2277 - Plaintiff talked about Griffith's statement to him and how it inferred that the charges filed against him were unfounded. (Doc. No. 126-5) The grievance was found without merit and upheld on appeal. (Id.)

\* MX 13-2619 - Plaintiff complained that grievances he filed about sexual and physical abuse by staff were not processed. (Doc. No. 138, pp. 185-190) None of the Defendants were named in this grievance, and the October 13, 2013 incident was not specifically referenced.

\* MX 13-2278 - Plaintiff stated he encountered Defendant Giles after the incident, and Giles told him he was the officer who crossed Plaintiff's legs and then exclaimed that Plaintiff was not resisting. (Doc. No. 138, p. 56) Plaintiff complained in the grievance that had he known of Giles' identity, he would have called him as a witness in his disciplinary hearing. There is no indication in the file that this grievance was exhausted.

\* MX 13-2505 - Plaintiff stated he asked Giles on November 27, 2013, why he did not write a statement for Plaintiff, and stated that this evidence was relevant to his conviction. (Doc. No. 138, pp. 104-107) The grievance was denied as duplicative without addressing the merits.

\* MX 13-2584 - Plaintiff complained that two prior grievances he filed were improperly denied as duplicative, and that Giles never responded to Plaintiff's complaints against him regarding his alleged failure to write a statement in Plaintiff's support. (Doc. No. 138, pp. 202-204) The grievance was found without merit and as duplicative and upheld on appeal. (Id.)

\* MX 14-525 - this grievance did not concern the October 24, 2013 incident or name any of the Defendants. (Doc. No. 138, pp. 205-209)

\* MX 14-2083 and MX 14-2288 - these grievances were filed and exhausted after this complaint was filed, and therefore, not properly exhausted within the meaning of the PLRA.

    **2.    Analysis**

First, there is no dispute that the excessive force allegation against Defendant Cockrell was properly exhausted. With respect to an excessive force claim against Defendant Griffith, the Court finds that grievance MX 13-2277 adequately names Griffith, the incident, and places him on notice of Plaintiff's claims against him. However, the Court finds that no failure to protect claims were exhausted with respect to Defendants Giles, Hayes, Holmes, Lawrence, Outlaw, Straughn, Waddle, Williams or Evans. The due process claims against Defendants Hobbs, Outlaw, Straughn, Waddle, Williams, and Evans, which arose out of the disciplinary proceedings, are exempt from the ADC grievance policy, and are not capable of exhaustion. Those claims are therefore not dismissed on this basis.

    **B.    Sovereign Immunity**

The Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities are barred by sovereign immunity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

### C. Qualified Immunity

Defendants also clam that they are protected from liability as to Plaintiff's monetary claims against them in their individual capacities by qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

### 1. Excessive Force - Cockrell and Griffith

Defendants state Plaintiff's allegations against them fail to support an Eighth Amendment

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

claim for excessive force, because he cannot show that their actions were unreasonable or not in a good faith effort to maintain and restore discipline, citing Estate of Davis v. Delo, 115 F.3d 1388, 1394 (8th Cir. 1997). According to Cockrell's declaration, Plaintiff protested the removal of the snake and denied that his possession of it violated the rules. (Doc. No. 126-3, p. 2) Although Cockrell explained to Plaintiff the safety and security reasons for such a rule, he continued to question Cockrell and disagree with him. (Id.) After Cockrell told Plaintiff he was going to charge him with a disciplinary violation, Defendant Griffith gave Plaintiff a direct order to put his hands behind his back to be cuffed, which is standard pre-lockup procedure when charged with a disciplinary violation. (Id.) However, Plaintiff did not comply with Griffith's order, insisted he had not violated a rule, and resisted Griffith's efforts to restrain him. (Id.) Cockrell states placing his hand on Plaintiff's shoulder, while assisting Griffith in restraining and handcuffing Plaintiff, complied with the ADC use of force policy, Administrative Directive (AD) 409, which permits the use of force to maintain and restore order and seek compliance with orders. (Id., p. 3; Doc. No.126-14)

      Defendants note that Plaintiff does not dispute that he possessed a snake in his cell and tried to retrieve it when officers placed it in another cell during their shakedown. Plaintiff also does not deny that he questioned Cockrell's decision-making authority concerning filing disciplinary charges against him, and admitted in his deposition that he was consistently defiant and argumentative with officers. (Doc. No. 126-6, p. 8, 13, 26) Plaintiff also testified in his deposition that once he was taken to the floor and the officers were able to cuff him, all officers let go of him. (Id., p. 21) Defendants state that once Plaintiff was handcuffed and taken to the infirmary, he did not report any injuries, and no cuts or bruises were noted to be on his body. (Doc. No. 126-8) And finally, Defendants note that in his deposition, Plaintiff testified that Griffith told other officers not to use

10

pepper spray during the incident, and that only Cockrell used excessive force against him. (Doc. No. 126-6, p. 20)

In response, Plaintiff states he did not try and hide the snake from the officers and intended to set the snake free the next day during yard call. However, Cockrell got in his face and was verbally abusive and aggressive, grabbing Plaintiff's left rotator cuff with sufficient force to cause injury. Plaintiff provides a grievance which shows that he underwent surgery in April, 2015, to repair the injury caused by the incident. (Doc. No. 138, pp. 285-288)[2] He claims he never struggled or resisted the officers and that Cockrell made no effort to cuff him. He also denies that any officer gave him a direct order which he disobeyed. He notes that after he was taken to the disciplinary cell, he complained of pain from the incident and was taken back to the infirmary. He questions why the officers charged him with a disciplinary for possession of the snake, but never mentioned the spider, locust, or cricket that also were in the box.

"The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers,...,regardless of whether an inmate suffers serious injury as a result ...Officers are permitted to use force reasonably 'in a good-faith effort to maintain or restore discipline,' but force is not to be used ' maliciously and sadistically to cause harm.'" Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002) (quoting Hudson v. McMillian, 504 U.S. 1, 7 (1992). Factors to consider in determining reasonableness include: "whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury." Treats, 308 F.3d at 872. While the absence

---

[2]Plaintiff also attached photographs allegedly taken after the incident, but no injuries are visible, as the photographs are very dark.

11

of injury is irrelevant to determining a violation, the extent of injury suffered is a factor to suggest whether the official believed force was necessary and the amount of force which was used. Wilkins v. Gaddy, 559 U.S. 34, 37(2010).

In this particular case, Plaintiff admitted he possessed a snake, although he disputed that possession constituted a rule violation. By disputing that with Defendants Cockrell and Griffith, however, he questioned their authority and placed himself in an escalating situation.[3] He admitted in his Amended Complaint that throughout the confrontation he continued to disagree with Cockrell's interpretation of the ADC rules. (Doc. No. 8, p. 12) Plaintiff also admitted in his deposition testimony that, "I don't right actually abide by the rules, per se, I mean because I'm here," and "when I fight there is no one officer putting no handcuffs on me. You don't put the cuffs on until I decide to." (Doc. No. 126-6, pp. 8, 26) He also did not deny the medical entry recorded after the incident which stated, "I/m has no bumps or bruises and has no complaint at this time." (Doc. No. 126-8) Although Plaintiff claims that his April, 2015, rotator cuff surgery was necessitated by the injuries he suffered, he provides no medical evidence to support his claim. Plaintiff himself also submitted evidence of his extensive disciplinary history at the ADC. (Doc. No. 138, pp. 60-76).

Therefore, even though the parties dispute the facts surrounding the incident, the Court finds as a matter of law, assuming Plaintiff's version of the facts as true, that Defendants' actions were objectively reasonable. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established that Defendants acted maliciously or

---

[3]The Inmate Handbook provides that personal property and living quarters can be searched at any time, and inmates are responsible for items found in their area. (Doc. No. 126, p. 9) The Handbook also defines contraband as "any article not authorized nor issued to you as personal property or state property, nor purchased in the commissary....Possessing contraband is a rule violation and will result in disciplinary action. (Id.)

sadistically to cause Plaintiff harm when attempting to restrain him.

### 2. Due Process Violations - Naylor, Hobbs, Waddle, Straughn, Williams, Outlaw, Evans

Defendants state Plaintiff's due process allegations should be dismissed, because he has not alleged that he was subjected to atypical and significant hardships in his punitive confinement, and because some evidence existed to support his disciplinary conviction. As a result of the October 24, 2013 incident, he was charged with resisting apprehension, possession/introduction of clothing (contraband), and failure to obey order of staff. (Doc. No. 126-9) The hearing was conducted on October 31, 2013, and Plaintiff made a statement denying that he was given a direct order or that he resisted. (Id.) Defendant Waddle found Plaintiff guilty of all three charges based on the charging report, and sentenced him to thirty days punitive isolation, restricted privileges, and reduction of class. (Id.) Plaintiff's conviction was affirmed on appeal to Defendants Warden Straughn, Naylor (disciplinary hearing administrator), and ADC Director Ray Hobbs. (Doc. Nos. 126-10 - 126-12). Defendants claim that due process requirements were met because his conviction was supported by "some evidence," as set forth in Superintendent v. Hill, 472 U.S. 445, 455 (1985). In addition, Plaintiff's demotion to punitive segregation for thirty days did not constitute an atypical and significant hardship, pursuant to Sandin v. Conner, 515 U.S. 472, 487 (1995), and Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002).

Defendants also state that Plaintiff's allegations against them based on their failure to properly supervise or train officers, and based on their roles in the appeal process, do not support a constitutional claim for relief. And finally, allegations based on violations of ADC policy do not support a constitutional claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Plaintiff claims in response that Defendants violated his rights by failing to obtain a witness statement from Defendant Giles, in light of the statement he made to Plaintiff that Plaintiff did not resist during the incident. He also claims Defendants Straughn, Outlaw, Williams, and Evans failed to properly investigate or view videotapes of the incident. In addition, Waddle did not properly review all the evidence during the disciplinary hearing, and Straughn, Naylor, and Hobbs did not properly investigate the incident prior to ruling on his appeals. He accuses all Defendants of covering up civil rights violations and destroying incriminating evidence

In order to support Plaintiff's due process claim, he must show that he was deprived of a protected liberty interest by identifying conditions of confinement that impose an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484. However, a demotion to segregation, even without cause, is not considered an atypical and significant hardship. Portley-El v. Brill, 288 F. 3d at 1065. Plaintiff's thirty-day sentence to punitive isolation, absent additional allegations of unconstitutional conditions of confinement, did not constitute a due process violation. See Hemphill v. Delo, 124 F.3d 208 (table), 1997 WL 581079 *2 (8th Cir. 1997), where the court held that four days in a housing unit, thirty days in disciplinary segregation, and 290 days in administrative segregation was not atypical and significant. See also Howard v. Collins, 129 F.3d 121(table), 1997 WL 710314 (8th Cir. 1997), where the court held an eight month stay in administrative segregation was not an atypical and significant hardship.

The Court also finds that Plaintiff was provided with adequate due process at his disciplinary hearing, which includes written notice of the disciplinary charges, an opportunity to call witnesses and present a defense, and a written statement of the evidence relied on by the decision-maker. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). In this case, Plaintiff's main complaint is that

14

he was not provided the opportunity to present a statement from Giles that Plaintiff did not resist during the incident. However, Plaintiff admits that at the time of the hearing, he was not aware that Giles was the officer who made the statement, and it is also clear from grievances he later filed that Giles never filed such a statement. (Doc. No. 138, pp. 56, 104)   Instead, he claims Defendants violated his rights by not obtaining a post-hearing statement from Giles. Yet, the record contained "some evidence" to support the Plaintiff's conviction, including the correctional officers' charging reports (Doc. No. 138, pp. 48-49, 96-97), which "legally suffices as 'some evidence' upon which to base a prison disciplinary decision." Cole v. Norris, No. 2:08cv00056-WRW, 2008 WL 4949283 *6 (E.D.AR 2008) (citing Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008). See also the disciplinary violation report ( Doc. No. 126-9).

Finally, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's  allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).  A supervisor incurs liability only when personally involved in the constitutional violation or when the  corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). Therefore, Plaintiff's allegations against Defendants based on their failure to properly supervise Waddle do not support a constitutional claim.

Based on all of the above, the Court finds that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish that Defendants violated his due process rights, or that any violations of ADC policy violated Plaintiff's constitutional rights. Williams v. Nix, 1 F.3d at 717.

### 3. First Amendment

Plaintiff also alleges in his Amended Complaint that Defendant Cockrell violated his First

Amendment rights by asking him not to file a grievance against him. However, it is clear that any alleged efforts at intimidation by Cockrell were not successful, because Plaintiff filed a grievance and a lawsuit against Cockrell. In addition, "[g]enerally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)).

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 126) be GRANTED.

2. Plaintiff's allegations of failure to protect be DISMISSED without prejudice, for failure to exhaust administrative remedies.

3. All other allegations be DISMISSED with prejudice.

4. All other pending motions be DENIED as moot.

IT IS SO RECOMMENDED this 29th day of June, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE